IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFERY NELSON,

Plaintiff, OPINION AND ORDER

v.

25-cv-164-wmc

ANN PEACOCK,
TRACY MCMILLER, and
DANCE COUNTY CIRCUIT COURT,

Defendants.

---

Plaintiff Jeffery Nelson, representing himself, filed this lawsuit alleging that defendants Ann Peacock, Tracy McMiller, and the Dane County Circuit Court violated his rights under the Unites States and Wisconsin Constitutions by failing to provide evidence they intended to use against him at trial after he requested it. (Dkt. # 1, at 3-4.) Because plaintiff Nelson seeks to proceed without prepayment of the entire filing fee, the next step is for this court to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court accepts Nelson's allegations as true and construes them generously, as a pro se complaint is held to less stringent standards than one drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, the complaint must be dismissed for the reasons explained below.

## ALLEGATIONS OF FACT

Public records reflect that between March 3 and 5, 2025, plaintiff was the defendant in a jury trial in Dane County Circuit Court Case No. 22CF1733, facing two felony and two misdemeanor charges.[1] Defendant Ann Peacock was the Dane County Circuit Court Judge who presided over that trial and defendant Tracy McMiller was the prosecutor for the Dane County District Attorney's Office.

At the close of trial, plaintiff was convicted of two felonies and one misdemeanor. Plaintiff now asserts that on March 3, 2025, defendants deprived him of due process and equal protection by failing to disclose evidence intended to be used against him after he requested it, causing him to suffer mental and emotional distress. For this, plaintiff is requesting $250,000 in damages. He also asks that (1) Judge Peacock be stripped of her judgeship and (2) Attorney McMiller be compelled to comply with the Wisconsin Constitution.

## OPINION

Invoking 42 U.S.C. § 1983, plaintiff claims that the criminal proceedings leading up to his conviction were unconstitutional and seeks monetary damages. Unfortunately for plaintiff, he has *no* cognizable (i.e., legally recognizable) claim for damages under § 1983 if a ruling in his favor would "necessarily imply the invalidity of his conviction or sentence."

[1] A court may take judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted); *see also Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (citing *Ewell v. Tony*, 853 F.3d 911, 917 (7th Cir. 2017)) (state court proceedings are a proper subject of judicial notice).

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As a result, to the extent that plaintiff seeks relief based on improper procedures during his trial and a wrongful conviction, he may not proceed with a claim in federal court unless his state court conviction was already "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. Otherwise, his only remedy is in *state* not federal court.

Here, plaintiff neither alleges nor do public records indicate that his conviction in Dane County Case No. 22CF1733 was ever reversed, expunged, declared invalid, or called into question. Accordingly, the United State Supreme Court's decision in *Heck* precludes plaintiff's claims in this court and his case must be dismissed. *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) ("If the court ascertains from the face of the complaint that *Heck* bars a case, it may dismiss the case for failure to state a claim").

While the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving him a chance to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of this action is appropriate because the pleadings and available public records make plain that plaintiff could *not* amend his complaint to state a claim for relief in federal court. Moreover, defendants Peacock and McMiller are entitled to absolute immunity for actions taken in connection with plaintiff's criminal trial. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 420, 430 (1976) (prosecutorial immunity). Finally, plaintiff does not otherwise allege facts showing that defendants Peacock or McMiller were acting under an unconstitutional custom or policy that could expose the Dane County or the Dane County

Circuit Court to liability under *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).

To the extent that plaintiff's claims are barred by the rule in *Heck*, however, the dismissal is without prejudice. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice."). Thus, should plaintiff manage to overturn his conviction on appeal in state court, perhaps some relief may still be possible.

ORDER

IT IS ORDERED that:

1) Plaintiff Jeffery Nelson's complaint (dkt. #1) is DISMISSED WITHOUT PREJUDICE.

2) The clerk's office is directed to close this case.

Entered this 5th day of October, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge